**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-02768-NYW

JEISON ALEXANDER ONATE-BRINEZ,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARKWAYNE MULLIN in his official capacity, and
TODD BLANCHE, in his official capacity,

     Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents filed a response to the Petition but declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 7 at 1]. Petitioner has not replied, and the time to do so has elapsed. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Petitioner Jeison Alexander Onate-Brinez ("Petitioner" or "Mr. Onate-Brinez") is a citizen of Colombia who arrived in the United States without admission or parole in December 2023. [Doc. 1 at ¶¶ 20–21]. The Government initially detained him but released him into the United States on his own recognizance pending removal proceedings. [*Id.* at ¶¶ 21–23]. Mr. Onate-Brinez then lived in the United States for more

than two years.  [Doc. 1-1 at 1].  In April 2026, he was detained by state police for a "DUI incident."  [Doc. 1 at ¶ 25].  Officers from U.S. Immigration & Customs Enforcement ("ICE") arrived at the jail and took Mr. Onate-Brinez into immigration custody.  [*Id.*].  He is currently detained at an ICE facility in this District.  [*Id.* at ¶ 1].  He has not received a bond hearing.  [*Id.* at ¶ 4].

In the Petition, Mr. Onate-Brinez brings three claims challenging his detention. First, he argues that his detention without a bond hearing violates the Immigration and Nationality Act ("INA"), specifically 8 U.S.C. § 1226(a) ("Claim One").  [*Id.* at ¶¶ 34–38]. Second, he asserts that his transfer to ICE custody without a probable cause determination violated his Fourth Amendment rights ("Claim Two").  [*Id.* at ¶¶ 39–46]. Third, he argues that his ongoing detention without an individualized bond determination violates his due process rights under the Fifth Amendment ("Claim Three").  [*Id.* at ¶ 19; *id.* at 10].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims turn on whether his detention is governed by § 1226(a). The Court summarizes the statutory framework before turning to the facts of this case.

## I. Statutory Framework

Two statutory provisions govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). The first, 8 U.S.C. § 1226, "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Another provision, 8 U.S.C. § 1225(b), "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in

3

the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.    8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]    Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, --- F. 4th ----, 2026 WL 1876709, at *7 (10th Cir. June 30, 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at *7–8.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Claims One and Three

Claims One and Three challenge Mr. Onate-Brinez's detention without a bond

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 7], so the Court does not address detention under this subsection.

4

hearing. [Doc. 1 at ¶¶ 34–38, 47–53]. The Petition anticipates that Respondents may assert—as they have in previous cases—that § 1225(b)(2)(A) mandates Mr. Onate-Brinez's detention and precludes a bond hearing. *See* [*id.* at ¶¶ 3, 35]. However, Respondents make no such argument in their response brief, [Doc. 7], presumably because the Tenth Circuit recently rejected it, *see Santillan Quiroz*, 2026 WL 1876709. As this Court has previously explained, *Santillan Quiroz* "controls" a case where, as here, a noncitizen residing in the interior of the United States is detained without a bond hearing. *Villegas-Godoy v. Baltazar*, No. 26-cv-01842-NYW, 2026 WL 1954768, at *3–4 (D. Colo. July 6, 2026).

The same holds true here. Mr. Onate-Brinez had been residing in the United States for more than two and a half years when he was detained, and the Government has asserted no other basis for detention. Mr. Onate-Brinez's detention is therefore governed by § 1226(a). As this Court has held, and as *Santillan Quiroz* confirms, detention without a bond hearing or individualized custody determination violates § 1226(a). *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *3 (D. Colo. Feb. 24, 2026); *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Further, the Court concludes that Mr. Onate-Brinez's detention without a bond hearing violates his due process rights. At a minimum, given that he is detained under § 1226(a), "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th

Cir. 2026).  And as explained above, that process is an individualized bond determination.  *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13; *see also, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination.").  The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights.  *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1158 (D. Colo. 2026).[2]

Accordingly, the Court **GRANTS** the Petition as to Claims One and Three.

## III.   Application to Claim Two

Mr. Onate-Brinez also claims that habeas relief is appropriate for an alleged Fourth Amendment violation.  He asserts that Respondents took him into custody without making a probable cause determination beforehand or within 48 hours afterward.  [Doc. 1 at ¶¶ 39–46].  He argues that because no such determination was made, his detention is "presumptively unconstitutional," necessitating his immediate release.  [*Id.* at ¶¶ 45–46].

An immigration officer may make a warrantless arrest "if he has reason to believe"

---

[2] While the Tenth Circuit in *Santillan Quiroz* applied the doctrine of constitutional avoidance and as a result did not decide whether the Government's position regarding § 1225(b) is unconstitutional, it observed that "[a]dopting the Government's interpretation of § 1225(b)(2)(A) would pose grave constitutional problems because there is little justification, let alone a strong one, for detaining every one of the millions of unadmitted noncitizens in our country."  *Santillan Quiroz*, 2026 WL 1876709, at *16–17; *see also id.* at *16 ("The mandatory detention of potentially millions of noncitizens without the potential for bond raises . . . serious [constitutional] concerns.").

that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained."  8 U.S.C. § 1357(a)(2).  Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard, requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216–17 (D. Colo. 2025) (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).  Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued."  8 C.F.R. § 287.3(d).

The Court respectfully concludes that Petitioner, who bears "[t]he burden of proof of showing [a] deprivation of rights leading to unlawful detention," *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)), has not demonstrated that habeas relief is warranted on Claim Two.  In arguing that his rights have been violated, Petitioner focuses on the lack of a probable cause determination justifying his arrest.  *See* [Doc. 1 at ¶¶ 41–44].  But although he states that there was no "statutory basis to arrest," [*id.* at ¶ 45], Mr. Onate-Brinez does not clearly argue (or provide evidence) that his April 2026 arrest was warrantless or that Respondents detained him without a warrant, such that a subsequent probable cause determination was required, *see* [*id.*].  And because Petitioner is represented by counsel, he is not entitled to a liberal construction of his Petition.  *Chavez-Torres v. City of Greeley*, 660 F. App'x 627, 630 n.2

(10th Cir. 2016).

Because Mr. Onate-Brinez has not demonstrated a Fourth Amendment violation, he is not entitled to relief on Claim Two.  Accordingly, the Petition is respectfully **DENIED** as to Claim Two.

## IV.  Appropriate Remedy

Petitioner requests a Court order directing "Respondents to release Petitioner immediately or schedule a bond hearing before an immigration judge and, at such hearing, require the government to justif[y] continued detention by clear and convincing evidence."  [Doc. 1 at 12–13].  In their abbreviated Response, Respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner."  [Doc. 7 at 2].

Having found in Mr. Onate-Brinez's favor on Claims One and Three, but not Claim Two, the Court finds it appropriate to order Respondents provide Petitioner the bond hearing to which he is entitled.  Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a).  *See, e.g.*, *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22,

2025); *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar*, 2026 WL 503313, at *5; *see also, e.g.*, *Garcia Abanil*, 817 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case).  The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well."  *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Mr. Onate-Brinez a bond hearing no later than **July 27, 2026**.  At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence.   If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.  On or before **August 3, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date

9

Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

<strong>CONCLUSION</strong>

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** and **DENIED in part**;

(2)    Respondents shall provide Petitioner a bond hearing no later than **July 27, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

(3)    On or before **August 3, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  July 20, 2026                           BY THE COURT:

_____
Nina Y. Wang
United States District Judge

10